IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAYTAWN ANDREW ERSKINE,                *

    Plaintiff,                            *

    v.                                    *          CIVIL NO. JKB-25-0089

ACCENTURE FEDERAL SERVICES             *
LLC, et al.,
                                       *
    Defendants.
                                       *

    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Plaintiff Paytawn Andrew Erskine, who proceeds *pro se*, filed suit against Accenture Federal Services LLC ("Accenture") and John Goodman. (ECF No. 5.) Pending before the Court are a Motion for Preliminary Injunction filed by Plaintiff and a Motion to Dismiss filed by Defendants. (ECF Nos. 8, 20.) For the reasons that follow, the Motion to Dismiss will be granted, the Motion for Preliminary Injunction will be denied, and the case will be closed.

### I.    Factual Background

Plaintiff alleges that he was employed at Accenture from May 2017 to January 26, 2022. (ECF No. 5 at 6.) He alleges that he worked remotely from December 2020 through the end of his employment due to the COVID-19 pandemic. (*Id.* at 7.) He explains that in September 2021, Defendants issued a company-wide policy requiring employees to be vaccinated against COVID-19. (*Id.*) Plaintiff "has sincerely held religious beliefs that preclude him from receiving vaccinations"; he also believes the policy "violated his religious beliefs and several laws." (*Id.*)

Plaintiff explains that he called the HR department for instructions on receiving a religious accommodation. (*Id.*) On October 22, 2021, Plaintiff submitted a request for a religious accommodation. (*Id.*) In that document, Plaintiff also "included an offer: waiver of the past torts

in exchange for compensation and the terms outlined in 'the contract' . . . if the Defendant[s] chose to continue to violate Plaintiff's rights." (*Id.* at 8.)

It is not entirely clear from the pleadings the precise nature of this "contract." However, Plaintiff attached to his Motion for Preliminary Injunction additional documents. (*See generally* ECF No. 8.) Plaintiff attached the document that the Court assumes is the above-referenced contract. (*See* ECF No. 8-4 at 3–15.) It reflects Plaintiff's view that "all vaccines are harmful and do not protect anyone from disease" and cites to various "laws of nations." (*Id.*) It lists various "acts against my religious conviction & theological creed," "acts against informed consent," and other items. (*Id.*) These include, for example, that Plaintiff does not wish to be compelled to wear a face covering because he will suffer a hypoxic reaction or develop bacterial pneumonia. (*Id.*) The "contract" goes on to provide a "notice of fee schedule" for various "torts" such as "elements of deprivation," "conspiracy to interfere," "conspiracy against rights," "racketeering activities," and others. (*Id.*) It provides for a penalty/fine of $250,000 for violations of these "torts." (*Id.*)

Plaintiff was terminated on in January 2022. (ECF No. 5 at 8–9.) Although Plaintiff's allegations are somewhat difficult to follow, he appears to contend that the Defendants did not engage "in a good-faith interactive process to explore reasonable accommodations for the Plaintiff's sincerely held religious beliefs" and that his termination was in violation of Title VII. (*Id.* at 8–9.) Plaintiff also appears to contend that Defendants accepted the terms of the above-referenced "contract" by terminating him. (*See id.* at 9 (explaining that, on January 25, 2022, Plaintiff provided Defendants "an opportunity to clarify any possible misunderstandings," but Defendants "declined to discuss and did not object to the terms"); *id.* (alleging that Plaintiff "affirmed and made it clear to Defendant[s] that due to their conduct 'the contract' will be enforced"); *id.* ("From January 6, 2022 to January 7, 2024, Defendant[s] never objected to the terms, despite multiple opportunities.").)

2

Plaintiff brings several claims: religious discrimination in violation of Title VII (Count I); retaliation in violation of Title VII (Count II); violation of the law of nations and customary international law (Count III); breach of implied contract and specific performance (Count IV); breach of implied obligation of good faith and fair dealing (Count V); failure to act on administrative notice (Count VI); promissory estoppel (Count VII); and quantum meruit (Count VIII). (*See generally id.*)

## II.    *Motion to Dismiss*

### A.  *Legal Standard*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

*Pro se* plaintiffs are held to a less stringent standard than lawyers, and courts construe their pleadings liberally, no matter how inartfully pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016), *aff'd*, 730 F. App'x 174 (4th Cir. 2018) ("The mandated liberal construction afforded to pro se pleadings means

3

that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss."). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Robb v. Md. Aviation Admin.*, Civ. No. JKB-14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014).

### B. Analysis

Defendant's Motion to Dismiss will be granted because, for the reasons set forth below, Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted.

#### 1. Title VII Claims (Counts I and II)

To bring a claim pursuant to Title VII, a plaintiff must first exhaust his administrative remedies. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) ("Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC.").

Plaintiff concedes that he has not exhausted his administrative remedies. (ECF No. 23 at 3.) And given that he was terminated in January 2022, his time for doing so has long passed. *Bruce v. Stonemor Partners L.P.*, Civ. No. RDB-21-0745, 2021 WL 2949780, at *3 (D. Md. July 14, 2021) (claim must be filed with the EEOC no more than 300 days after the unlawful employment practice). However, he argues that his Title VII claims "were diligently pursued, equitably tolled, and defendants are estopped from raising a timeliness defense." (ECF No. 23 at 3.) Plaintiff argues that he was diligently pursuing his contract-related claims and that Defendants' conduct misled him. These arguments are unavailing, and do not "constitute such 'rare instances' that warrant equitable tolling" in such cases. *See Bruce*, 2021 WL 2949780, at *4. Plaintiff's pursuit of his contract claims is unrelated to his ability to file a claim with the EEOC related to his

4

Title VII claims, and the facts simply do not bear out any misleading conduct by the Defendants. Accordingly, the Court will dismiss Counts I and II.

## 2. Law of Nations Claim (Count III)

In Count III, Plaintiff claims that Defendants have violated "the law of nations and customary international law." (ECF No. 5 at 12–13.) This is plainly not a cognizable cause of action, and it is not clear how any form of international law would be applicable here.

## 3. Contract and Breach Claims (Counts IV through VIII)

Counts IV through VIII bring contract and contract-related claims. However, Plaintiff does not plausibly allege any of these claims, and they must all be dismissed.

Count IV alleges "breach of implied contract and specific performance." (ECF No. 5 at 14–19.) Plaintiff alleges that he and Defendants "entered into a valid and enforceable contract" and that Defendants entered into the contract by virtue of their conduct. (*Id.*) However, Plaintiff does not plausibly allege the existence of a contract. *See Cochran v. Norkunas*, 919 A.2d 700, 713 (Md. 2007) ("Acceptance of an offer is requisite to contract formation, and common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation."). There are no allegations that permit an inference that the Defendants accepted any purported contract offered by Plaintiff. To the extent that Plaintiff alleges that Defendants' silence constituted an acceptance, "[a]s a general rule of contract law, silence and inaction upon receipt of an offer do not constitute an acceptance of the offer." *Int'l Bhd. Of Teamsters v. Willis Corroon Corp. of Maryland*, 802 A.2d 1050, 1058 n.3 (Md. 2002).

Count V alleges "breach of implied obligation of good faith and fair dealing" in connection with a contractual relationship. (ECF No. 5 at 20–21.) Count VI alleges "failure to act on administrative notice" and references an agreement or contractual relationship. (*Id.* at 21–22.) As discussed above, there was no contract, and these claims will be dismissed.

5

Count VII alleges "promissory estoppel" in the alternative, arguing that Defendants made a clear and definite promise on which Plaintiff relied. (ECF No. 5 at 22–23.) The Amended Complaint is completely devoid of facts that reflect that Defendants made any promises to Plaintiff, much less any clear and definite promises.

Count VIII alleges "quantum meruit." (ECF No. 5 at 23–25.) A claim for quantum meruit has three elements: "(1) [a] benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 604–05 (D. Md. 2015) (citation and quotation marks omitted). Plaintiff does not plausibly allege any of these elements.

### 4. Dismissal

For the foregoing reasons, all eight counts must be dismissed. Defendants ask that the dismissal be with prejudice. The Court agrees. The dismissal of Counts I and II for failure to exhaust cannot be rectified, given that the time for exhausting Title VII claims has long passed. The dismissal of Count III likewise cannot be remedied because it is not a viable cause of action. Further, Counts IV through VIII are, at best, bordering on frivolous, given the details surrounding the purported contract. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (explaining that dismissal with prejudice is appropriate where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). The dismissal will be with prejudice.

### III.  *Motion for Preliminary Injunction*

Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 8.) Given the above discussion and because the case must be dismissed in its entirety, that Motion is moot. Further,

even if the Motion were not moot, Plaintiff plainly cannot establish at least one of the requisite *Winter* factors, likelihood of success on the merits. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

**IV.    *Conclusion***

For the forgoing reasons, it is ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 20) is GRANTED.

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 8) is DENIED.

3. The Amended Complaint is DISMISSED WITH PREJUDICE.

4. The Clerk is DIRECTED to CLOSE this case.

5. The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff.

DATED this 22 day of May, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

7